IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WIZZARDS ASSET MANAGEMENT, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 08 C 1800 |
| MF GLOBAL INC., | ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant MF Global Inc.'s ("MFG") motion to dismiss. For the reasons stated below, we deny the motion to dismiss.

## BACKGROUND

Plaintiff Wizzards Asset Management, Inc. ("Wizzards") states that it is a brokerage firm that acts as an introducing broker for managed futures funds. Wizzards claims that in return it receives from such funds round-turn trading commissions. On March 20, 2003, Wizzards allegedly entered into a contract ("Agreement") with Man Financial Inc., a predecessor in interest to MFG. Under the Agreement, Wizzards was allegedly required to act as the introducing broker, and MFG was required to provide clearing, execution, and other services for the accounts

1

at issue, and was required to pay Wizzards certain brokerage commissions. Wizzards contends that, under the terms of the Agreement, in certain instances MFG would incur third-party, transaction-based expenses and that such hard costs ("Hard Costs") could be charged to Wizzards in the relevant account. Wizzards claims that MFG breached the Agreement by double billing both the relevant accounts and Wizzards for such Hard Costs. MFG also allegedly failed to pay Wizzards commissions owed for March 2008. Wizzards brought the instant action and includes in the amended complaint a breach of contract claim (Count I), a breach of fiduciary duty claim (Count II), a constructive fraud claim (Count III), a conversion claim (Count IV), an account stated claim (Count V), and an unjust enrichment claim (Count VI). On October 1, 2008, we granted MFG's motion to dismiss in part, dismissing the unjust enrichment claim (Count VI). MFG moves to dismiss the instant action for failure to sue in the name of the real party in interest and failure to join a required party.

**LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure 12(b)(7) ("Rule 12(b)(7)"), a defendant can move to dismiss an action based on the "failure to join a party" under Federal Rule of Civil Procedure 19 ("Rule 19"). Fed. R. Civ. P. 12(b)(7). For a Rule 12(b)(7) motion, the court must "accept the allegations in the complaint as true." *Davis Companies v. Emerald Casino, Inc.*, 268 F.3d 477, 479 n.2 (7th Cir. 2001); *see also Boulevard Bank Nat. Ass'n v. Philips Medical Systems Intern. B.V.*, 15 F.3d

1419, 1422 (7th Cir. 1994)(stating that "in deciding a Rule 12(b)(7) motion to dismiss," the court "must apply Rule 19(b) if [the court] first determine[s] that the party to be joined satisfies the threshold requirements of Rule 19(a)").

Rule 19 provides in part that "[a] person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if: (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a). When ruling on a Rule 12(b)(7) motion to dismiss, "a court may go outside the pleadings and look to extrinsic evidence." *Davis Companies*, 268 F.3d at 480 n.4.

Pursuant to Federal Rule of Civil Procedure 17, "[a]n action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1). A court cannot dismiss an action for failure to name the "real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." Fed. R. Civ. P. 17(a)(3). A real party in interest is defined by the Seventh Circuit as "a party that has a legally protectable interest in the outcome of the suit." *Old Ben Coal Co. v. Office of Workers' Compensation Programs*, 476 F.3d 418, 420 (7th Cir. 2007). A party that "has no

3

possible stake in [the] litigation" and "is a party in name only," is not a real party in interest. *Id.*

**DISCUSSION**

I. Claim for Alleged Unpaid Commissions

Wizzards argues initially that even if this court agreed with MFG's arguments in the instant motion, MFG has not offered a sufficient basis for dismissing the entire action. In particular, Wizzards contends that its claims for unpaid commissions are not challenged.

MFG contends in its instant motion that Superfund Asset Management ("Superfund"), an affiliate of Wizzards, is the real party in interest and is a required party that must be joined in this case. MFG argues that the basis for Wizzards' claims in this case is that MFG improperly double charged certain accounts in regard to the Hard Costs. MFG further contends that the alleged double billing involved accounts of Superfund as well as Wizzards. According to MFG, Superfund has separately initiated litigation against MFG and made a demand for arbitration in that litigation. MFG contends that Superfund is seeking the same damages in the arbitration proceedings ("Arbitration") that Wizzards is seeking to recover in the instant action and that MFG is faced with the risk of having to pay the same damages twice. However, even if we were to accept such arguments, Wizzards correctly points out that the alleged improper double billing that MFG asserts is a basis for the Arbitration and this case is not the entire basis for Wizzards' case in this court.

Wizzards also specifically seeks to recover unpaid commissions allegedly owed to Wizzards for March 2008, totaling $423,451. (A. Compl. Par. 35). Wizzards points out that MFG has not argued or shown, in regard to the claims brought by Wizzards for the unpaid commissions allegedly owed to Wizzards, that Superfund would be a real party in interest or a required party that needs to be joined in this case. MFG made a cursory reference to the commissions in its reply, stating that Wizzards had not shown that the commissions issue could be "resolved only in this forum." (Reply 4 n.2). However, MFG failed to offer any reason why Wizzards could not properly choose to pursue the commissions claim in this court. MFG also indicates that the amount that Wizzards is seeking in this action for double billing, when added to the amount sought for unpaid commissions, is roughly the same amount that Superfund is seeking in the Arbitration. (Reply 4). MFG has not shown that this case can be dismissed based upon such supposition. MFG presents no evidence to show that the amounts are the same or that the amounts in each proceeding represent the same damages such as the commissions that Wizzards seeks in this case. Wizzards also asserts in its sur-reply that it is suing for commissions specifically owed to Wizzards and that the commissions are not part of the damages sought by Superfund in the Arbitration. (Sur. 4). Thus, to the extent that MFG is seeking a dismissal of the claims brought for commissions allegedly owed to Wizzards, we deny the motion to dismiss.

II.  Claims based on Alleged Double Billing

      Wizzards argues that to the extent that MFG is seeking to dismiss the claims relating to the alleged double billing by MFG, the motion is premature since the parties have not been able to conduct discovery.  Wizzards contends that MFG is mistaken in its belief that Wizzards is seeking the same damages that Superfund is pursuing in the Arbitration.  Wizzards claims that it has a good faith belief that the damages relating to the accounts at issue in this case are separate and distinct from those at issue in the Arbitration and that Wizzards and Superfund are seeking different damages.  Wizzards contends that to the extent that there is a possibility that some damages may be duplicated in this action and the Arbitration, Wizzards is unable to determine for certain whether there is a duplication since it has not been allowed to conduct discovery yet in this case.  Wizzards claims that the issues raised by MFG in the instant motion involve a "complex set of billing information - solely within MF Global's knowledge and control and which it refused to provide to Wizzards - concerning how MF Global allocated certain hard costs associated with trades executed on certain exchanges." (Ans. 6).  Wizzards contends that it only received from MFG "generic monthly account statements that lacked any itemization of charges" and that Wizzards needs to review the "detailed account statements" in the possession of MFG.  (Ans. 7).  Wizzards claims that although it brought the instant action in good faith based on perceived double billing by MFG, it does not yet have hard evidence to identify the specific dollar amounts at issue.  Wizzards contends that it needs discovery to identify the precise expenses that were improperly

charged and to assess whether the charges were made to Wizzards' accounts or Superfund's accounts. Wizzards also correctly points out that at the pleadings stage it is not required to produce such evidence. Wizzards contends that "it would be improper at this stage to simply rely on MF Global's version of facts without first allowing Wizzards discovery. . . ." (Sur 1).

MFG also supports its instant motion to dismiss with an affidavit of one of its employees. Wizzards disputes the factual assertions in the affidavit, thus raising issues of fact. MFG counters in its reply that the facts are not genuinely disputed. However, such arguments are more appropriate in a motion for summary judgment rather than a motion to dismiss. MFG also raises facts in its affidavit indicating that there were separate domestic accounts and international accounts that it charged. (Tanz Aff. 4). Wizzards contends that the affidavit identifies charges from "hand-picked" months by MFG and that the affidavit is incomplete. (Sur 2). For example, Wizzards contends that the affidavit fails to address all relevant months and fails to address charges on international accounts that are the basis of the instant action. MFG counters, claiming that it has never refused to provide such information to Wizzards and that Wizzards already has access to some of the necessary information. However, a motion to dismiss stage is not the proper point at which to resolve discovery disputes between parties. MFG's arguments in regard to the real party in interest and required party are thus premature at this juncture. We note that MFG even specifically concedes in its reply that this court has discretion to defer ruling on the Rule 19 issues presented until after discovery is completed. (Reply 4).

To the extent that MFG asserts that Superfund is the real party in interest, MFG bases its assertions on disputed evidence and information that Wizzards claims it has been denied. MFG has not sufficiently established in its filings thus far that Wizzards is a party in this case in name only without any actual stake in this litigation. In addition, unlike the above-mentioned case law allowing for a consideration of matters beyond the pleadings for Section 19 issues, MFG has failed to point to similar precedent for Section 17 issues.

Finally, we note that MFG previously filed two motions to dismiss in this action that did not include its current arguments. The initial motion to dismiss was rendered moot by the filing of an amended complaint and the second motion to dismiss was granted in part and denied in part. Nothing prevented MFG from raising its current arguments in those initial motions. MFG indicates in its own motion that it has been aware of Superfund and the Arbitration. MFG is now taking another bite at the apple with a motion to dismiss after discovery has begun in this case and the court set discovery deadlines. Had MFG raised the instant issues sooner, MFG could have expedited a resolution of the issues presented in the instant motion to dismiss. Instead, this case has been delayed further by successive motions to dismiss and the parties have not yet completed discovery. We conclude that the appropriate course at this juncture is to allow the parties to conduct discovery and, after the completion of such discovery, MFG can present its current arguments in a motion for summary judgment, if it wishes. Therefore, based on the above, we deny the motion to dismiss the claims that are premised on the alleged double billing by MFG.

## CONCLUSION

Based on the foregoing analysis, we deny the motion to dismiss in its entirety.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: February 19, 2009